7255

**HOWARD v. ATLANTIC COAST LINE R. R. CO.**

1. FOREIGN LAWS—MASTER AND SERVANT—RAILROADS.—Under the Florida statutes no liability is presumed against a railroad company for injury to an employe by a co-employe in performing an act about the employer's business in which the injured employe was participating until the plaintiff shows he was not at fault or that his co-employe was.

2. PLEADING—WORDS AND PHRASES.—"Grossly careless" in a complaint imports more than inadvertence and used here in sense of "reckless."

Before WILSON, J., Sumter, July, 1908.   Reversed.

Action by Joseph Howard, Jr., against Atlantic Coast Line Railroad Co.   From judgment for plaintiff, defendant appeals on the following exceptions:

1. "Because, it is respectfully submitted, his Honor, the Circuit Judge, erred in not granting the motion for nonsuit at the close of plaintiff's evidence on the following grounds: (a) That the evidence showed conclusively that the injury to the plaintiff was the result of his own negligence.   (b) That the evidence showed conclusively that the injury to the plaintiff was the result of his contributory negligence.   (c) That the evidence showed conclusively that the injury to the plaintiff was the result of the act or acts of a fellow-servant or fellow-servants.

2. "Because, it is respectfully submitted, his Honor. the Circuit Judge, erred in not directing a verdict for the defendant, on the following grounds: (a) That the evidence showed conclusively that the injury to the plaintiff was the result of his own, negligence.   (b) That the evidence showed conclusively that the injury to the plaintiff was the result of his contributory negligence.   (c) That the evidence showed conclusively that the injury to the plaintiff was the result of the act or acts of a fellow-servant or fellow-servants.   (d) That there was no evidence to support the material allegations of the complaint.

3. "Because his Honor erred, it is respectfully submitted, in refusing defendant's first request to charge, which was as follows: 'Under the laws of the State of Florida I charge you that if the jury believe that the plaintiff was injured by the railroad company, the defendant, by the running of the cars or other machinery of such company, the plaintiff being at the time of such injury an employe of the company, and the damage was caused by the negligence of another employe, they can not find a verdict for the plaintiff unless the jury believe that the plaintiff was without fault or negligence on his part,' whereas his Honor should have charged the said proposition, as it was substantially the law declared in Section 3150, General Statutes of the State of Florida.

"And his Honor further erred when he said, in reference to said request: 'I refuse the first request in the language it is for the reason that I don't think it sets out the law fully, and I think I have fully charged all the others,' whereas his Honor, up to that time, had not charged any requests of the defendant.

4. "(a) Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's second request, which was a copy of so much of Section 3149 of the General Statutes of Florida as was applicable to this case: 'It is stated in the plaintiff's complaint that the alleged injury occurred in the State of Florida, and I charge you, under the laws of that State (Sec. 3149, Gen. Stat.) no person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence.' (b) His Honor committed further error in adding to said request the following: 'But if the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him,' the error being in adding to this request that portion of the law of Florida which was not applicable to the case of an employe suing

defendant company for damages resulting from the alleged negligence of another employe, and his Honor should have so instructed the jury.    (c) His Honor further erred when he used this language: "That simply means that even if the party be guilty to a certain extent himself, yet if the other party, the defendant, as in this case the railroad company, if the company is also guilty—I mean the company also be at fault—I should not say guilty, even if the plaintiff himself is at fault, yet if the railroad company is at fault, he can recover, but only the amount you say he is entitled to under the circumstances—taking his fault into consideration,' whereas, under no circumstances under the law of Florida can an employe injured through the alleged negligence of another employe recover from the railroad company, unless absolutely without fault or negligence on the part of the person injured.    (d) Because this modification charged by his Honor was contradictory, inconsistent and directly in the teeth of the law charged by him elsewhere in his charge in reference to contributory negligence.

5.  "(a) Because his Honor erred, it is respectfully submitted, in refusing absolutely to charge defendant's third request to charge, which was as follows: 'If you believe from the evidence that the plaintiff was an employe of the company and was injured and the damage was caused by the negligence of the plaintiff, under the laws of the State of Florida the plaintiff can not recover in this case,' this request containing a sound proposition of law, directly applicable to the case.    (b) His Honor erred further in subsequently adding to the said request the following language: 'If the complainant and the agents of the company are both at fault, the former may recover, but the damages may be diminished or increased by the jury in proportion to the amount of default attributable to him,' the error being that this request was substantially the law as contained in Section 3150 of the General Statutes of Florida, and the modification added by his Honor was not applicable to a

suit by a party injured while an employe of the railroad company.

6. "Because his Honor erred, it is respectfully submitted, in modifying and qualifying defendant's fifth request to charge, which was as follows: 'The statutes of Florida, in evidence in this case, in reference to the liability of the railroad for the negligence of its servants, does not deprive the railroad company of the defense of what is commonly known as contributory ngligence,' the modification being: 'That is correct to the extent I have charged qualifying it, that, although the other party may be at fault, at the same time if the railroad company is also at fault, the other party can recover such an amount as the jury think it is proper to give him,' this direction and charge on the part of his Honor to the jury being entirely at variance with the law of contributory negligence existing in this State, and with Section 3150 of the General Statutes of Florida, which was applicable to this case.

7. "Because his Honor erred, it is respectfully submitted, in refusing absolutely defendant's sixth request to charge, which was as follows: 'Even if the plaintiff was injured by the negligence of the defendant company or its employes, and he was also guilty of negligence, no matter how slight such negligence may have been, and his negligence contributed to his injuries as an immediate and proximate cause, then he can not recover. If the plaintiff was guilty of negligence, and his negligence concurred and combined with that of the defendant in bringing about his injuries, this will deprive him of the right to recover, although the defendant may have been guilty of negligence, and that negligence may have been one of the immediate and proximate causes of his injuries,' this request containing a sound proposition of law directly applicable to this case.

8. "Because his Honor further accentuated the error covered by the fourth exception by reading Section 3149 of the General Statutes of Florida to the jury and charging

the jury: 'And here in that section—and I construe it together—where the complainant—that is, the plaintiff in this case—and the agents of the company are both at fault, the former may recover, but the damages shall be increased or diminshed by the jury in proportion to the amount of default attributable to him,' whereas his Honor should have charged the jury that this portion of the law did not apply where the plaintiff was an employe at the time of his injury and the injuries were caused by the alleged negligence of another employe.

9. "(a) Because his Honor erred, it is respectfully submitted, when he said: 'I charge you that in this case the Florida law is the government of fellow-servant. I charge you that as law,' and in then failing to define what the Florida law was on the subject of the negligence of a fellow-servant applicable to this case. (b) And his Honor further erred in charging the jury on the doctrine of fellow-servants, as follows: 'You have heard the evidence, and our Supreme Court says this is law: "A conductor of a material train, even in the matter of readjusting and switching, is not a fellow-servant with a laborer on his train, but is a representative of the master;" this being in effect a charge on the facts, intimating to the jury that the witness, Whilden, referred to as the 'conductor' of the material train, in this case was not a servant with the plaintiff, a laborer on his train, but was a representative of the master.

10. "Because his Honor erred, it is respectfully submitted, in charging the jury as follows: 'If you find there was no wilful act, no wanton act, no grossly careless act, why you can only find actual damages, and that is just the amount of the hurt he got, taking pain into consideration and all like that, and what he had to pay out for doctor's bills, if he had to pay out anything—his actual damages. If you find that it was wantonly and recklessly done, done in a grossly careless way, then the law says that the jury can assess punitive, vindictive or exemplary damages by way

of punishment, * * * ' the error being that he charged the jury 'or if done in a grossly careless way the law says that the jury can assess punitive damages,' whereas there is no ground for punitive damages unless such carelessness be so gross as to amount to recklessness or wilfulness.

11. "Because his Honor erred, it is respectfully submitted, in stating in open Court, before the jury, at the beginning of his charge: 'As I construe the Florida law, he (meaning the plaintiff) is entitled to recover even if he is negligent as a servant. You both rely on the Florida law,' this proposition being incorrect, misleading and prejudicial to the defendant.

12. "Because his Honor erred, it is respectfully submitted after admitting in evidence the General Statutes of Florida and the decision of the Supreme Court of Florida, applicable to this case, in charging the jury, at the request of plaintiff's counsel, as follows: 'I mean, if you find that is the law in Florida—the book that was introduced,' whereas he should have charged that the books introduced contained the law of Florida applicable to the case."

*Mr. Mark Reynolds,* for appellant, cites: *The law of Florida:* 40 Fla., 87, 31. *Contributory negligence:* 70 S. C., 444. *Fellow-servants:* 25 S. C., 446; 69 S. C., 394; 39 S. C., 507. *Punitive damages not recoverable for gross negligence:* 60 S. C., 74; 61 S. C., 188; 76 S. C., 200; 61 S. C., 189.

*Mr. L. D. Jennings,* contra, cites: *Servant performing duties of the master represents master therein:* 51 S. C., 95; 80 S. C., 546.

July 20, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant.

The allegations of the complaint are substantially as follows: "That on or about the 15th day of April, 1907, the plaintiff was working for the defendant in the State of Florida, in helping to take up old iron rails and lay new ones; that while he was so engaged and while he was on the material or work train, which was standing in front of the iron rails, near the end of a flat car and just behind another flat car, loaded with iron rails, waiting for the train to move forward, and being on the train where he was ordered to be, by the conductor or man in charge of the work and train, the conductor or man in charge, instead of signalling the engineer forward signalled him back, knowing that the plaintiff was standing on the car as aforesaid; that, without any warning to the plaintiff, the engineer suddenly ran the engine backwards, which caused the car in front of the plaintiff to be suddenly shoved back against the car upon which the plaintiff was standing and thereby causing one of plaintiff's feet to be caught between the iron rails on the flat car upon which he was standing and the car in front of him; that the defendant's conductor knew when he signalled said train back that the plaintiff was upon the flat car, standing as hereinbefore described, and that to rush said train back suddenly would catch the plaintiff's foot between the rails as aforesaid, and the agent knew, or ought to have known by the exercise of the slightest care, that if said train was rushed back suddenly the plaintiff would not have time to remove his foot and it would be caught between the said rails and almost certainly be crushed, but that the defendant, through its agent and servants in charge of said train, wilfully wantonly and carelessly signalled the said engineer to move back, when he should have signalled him to move forward, and thereby caused injuries to the plaintiff as aforesaid."

The defendant denied the allegations of the complaint, and set up the following defenses:

(1) "That the plaintiff voluntarily placed himeslf in the position of danger, after having been previously warned that he would be probably injured between the ends of the cars and the rails if he continued to keep that position. That the laws of Florida provide that no person shall recover damages from the railroad company where same is caused by his own negligence; and the alleged injury, having been caused by his own carelessness and negligence, and not on the part of the defendant, he can not recover, to wit: under Section 3149 of the General Statutes of Florida.

(2) "That even if the defendant was negligent, that the plaintiff himself was guilty of contributory negligence, which was the proximate cause of the alleged injury, and, under the laws of the State of Florida, he can not recover, to wit, under Section 3150 of the General Statutes of Florida."

The jury rendered a verdict in favor of the plaintiff for $350, and the defendant appealed upon exceptions, which will be set out in the report of the case.

The defendant introduced in evidence the following extracts from the General Statutes of the State of Florida:

3149. *"When Recovery of Damages Forbidden.* No person shall recover damages from a railroad company, for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury, in proportion to the amount of default attributable to him."

3150. *"Liability for Injury to Employes.* If any person is injured by a railroad company by the running of the locomotive or cars or other machinery of such company, he being at the time of such injury an employe of the company, and the damage was caused by negligence of another employe, and without fault or negligence on the part of the person injured, his employment by the company shall be no

bar to a recovery.    No contract which restricts such liability shall be legal or binding."

Also Volume 40 of the Florida State Reports, containing the decision of the Supreme Court in the case of *F. C. & P. Ry. Co.* v. *Mooney,* page 29.

As nearly all the exceptions are dependent upon the construction to be placed upon the foregoing sections, we proceed to interpret them in accordance with the decision of the Court in the case just mentioned.

The Florida statute of 1891 contained not only the two sections hereinbefore set out, which were numbered 2 and 3, respectively, but another section, numbered 1, which was as follows:

Section 1. "A railroad company shall be liable for any damage done to persons, stock or other property by the running of the locomotive or cars or other machinery of such company, or for damages done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

Section 1 was a re-enactment in the exact language of the statute of Georgia, and Sections 2 and 3 were substantially so, in so far as the question herein is involved.

In construing said sections the Supreme Court of Florida followed the decisions of the Supreme Court of Georgia.

In that case the plaintiff was employed as a train shifter, to take charge of the trains at a certain station, in accordance with instructions from the depot agent.

He had a co-laborer, a shifting engineer, who was subject to his orders and whose duty it was to watch for plaintiff's signals and obey them.    While discharging his duties the plaintiff was injured by the defendant's train, caused by the negligence of the shifting engineer in failing to obey plaintiff's signals to stop the engine in time to have prevented the injury.

On the trial of that case the plaintiff's second request to charge was as follows: "If they believed from the evidence that at the time the plaintiff was allegd to have been hurt, he had not been guilty of negligence or fault, that unless the company made it appear that the engineer exercised all ordinary and reasonable care and diligence, the presumption in such case being against the company, they must find for the plaintiff."

The defendant's first and second requests were as follows:

1. "To entitle the plaintiff to recover he must show that the injury was caused by the negligence of the engineer, and also without any fault on his own part. 2. Unless the plaintiff has shown both negligence on the part of the engineer, and that he was himself without fault, you can not give him a verdict."

After discussing certain conflicting decisions, rendered by the Supreme Court of Georgia, the Court proceeded as follows: "In subsequent decisions the two cases above referred to were reconciled, and it was declared that in suits by an employee to recover damages from his employer for injuries alleged to have been inflicted by the negligence of another employe in performing some act in the master's service, in the performance of which plaintiff as a co-employe was participating, the plaintiff must show either that he was free from fault himself or that there was negligence on the part of his co-employe; that upon proof of the fact that plaintiff in such a case was free from fault the statutory presumption arose that the servants of the company were at fault, and it thereupon devolved upon the company to 'make it appear' to the contrary. If, however, the act by which the employe was injured was one being performed by other employes in the master's business, but in the performance of which plaintiff was not participating, then the presumption of negligence on the part of the agents of the company, and that plaintiff was free from fault,

arose under the statute to the same extent as if the plaintiff was not an employe, and it devolved upon the company to relieve itself, either by showing that plaintiff was at fault or that its servants were not negligent." * * *

The plaintiff having been injured by the alleged negligence of a co-employe in performing an act about defendant's business, in which plaintiff as an employe was participating, no presumption of liability arises against the defendant until it is shown either that plaintiff was not at fault or that his co-employe was. The second instruction on behalf of plaintiff was, as applied to these facts, correct and there was no error in giving it.

The first and second instructions requested by defendant were properly refused, because they required plaintiff to prove that he was without fault, and that defendant's agent was negligent, without giving him the benefit of the statutory presumption upon proof of one of these facts only.

The Court said to the jury that the instructions given on behalf of the plaintiff and defendant did not cover the entire law of the case, and then proceeded to charge them in the language of the first three sections of the act of 1891. It was error to give, without qualification or explanation, the broad language of the first and second sections of that act, for the language of the first section was calculated to impress the jury with the idea that all presumptions were against the company, and that it devolved upon it to make it appear that its agents had exercised all ordinary and reasonable care and diligence, while, as we have seen, in a suit of this character by an employe, no presumption against the company arises, nor is it required to "make it appear" that its agents have exercised proper diligence until and after plaintiff has shown either that he himself was without fault or that his injuries were caused by the negligence of a co-employe. The language of the second section of the act of 1891 was calculated to impress the jury with the idea that they could apportion the damages between

plaintiff and defendant, in case they found that the plaintiff and the defendant's agents were both at fault; whereas, as we have seen, there can be no apportionment of damages in a case of this kind. In order for an employe to recover he must be free from fault.

The presiding Judge, in the case now under consideration, was misled by the language of section 3049 in supposing that "the jury could apportion the damages between the plaintiff and the defendant, in case they found that the plaintiff and the defendant's agents were both at fault."

This error continued throughout the charge. and was prejudicial to the rights of the appellant.

It is only necessary to refer to the testimony to show that the first and second exceptions can not be sustained.

The tenth exception must be overruled, for the reason that the context shows that the words, "grossly careless," import more than mere inadvertence, and were used in the sense of reckless.

The judgment is reversed.